CLEVELAND PUBLIC LIBRARY, Plaintiff-Appellee, v. WALKDEN, Defendant-Appellant. WOODS, Estate of, In re.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 25532, 25533. Decided June 8, 1961.

Mr. John T. Corrigan, prosecuting attorney, and Mr. Fred W. Frey, assistant prosecuting attorney, for plaintiff-appellee.

Mr. Harry A. Gillis and Mr. Robert Merkle, for defendant-appellant.

*Per Curiam.* In this case a settlement had been reached by all the parties which provided for:

1) A dismissal of the petition of the plaintiff for declaratory judgment by agreement of all the parties where the issues had not yet been made up or the case submitted to the Probate Judge.

2) An application for an order of distribution in kind to the plaintiff, The Cleveland Library Board, as residuary legatee.

3) An agreement as to the allowance of fees for the executor and counsel.

As the Cleveland Library Board had voted unanimously (7 to 0) in favor of the settlement of all these matters and all parties had agreed by journal entry, signed by counsel for all the parties, in respect to these several matters, we think that the Probate Judge should have approved all agreements and should have signed the journal entry presented to him in the interests of settling protracted litigation. We, therefore, conclude that the Probate Judge committed prejudicial error in refusing to dismiss the petition for declaratory judgment as agreed upon by all parties, and, proceeding to enter the judgment which the Probate Court should have entered, final judgment is rendered for appellants and the petition for declaratory judgment is dismissed.

The court committed prejudicial error in denying the petition for distribution in kind to the Cleveland Library Board. the residuary legatee, as agreed upon by all parties, and the denial of the application for fees to the executor and counsel, agreed to by all parties, the record showing that valuable services had been rendered for which compensation should have

been allowed. In respect to these latter two matters, the judgment is reversed as prejudicially erroneous and contrary to the manifest weight of the evidence for which reason the cause is remanded to the Probate Court for further proceedings according to law.

Exceptions noted.

Order see journal.

Kovachy, P. J., Skeel and Hurd, JJ., concur.